IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GOOD SHEPHERD HEALTH CARE SYSTEM,           05-CV-1683-BR

    Plaintiff,                              OPINION AND ORDER

v.

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA,

    Defendant.


**LOUIS A. FERREIRA IV**
**SCOTT J. KAPLAN**
Stoel Rives, LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 220-2480

    Attorneys for Plaintiff


1 - OPINION AND ORDER

**CARI EHRLICH WATERS**
**DANIEL SHELDON HASSON**
**WILLIAM G. EARLE**
Davis Rothwell Earle & Xochihua, P.C.
1900 Wells Fargo Center
1300 S.W. Fifth Avenue
Portland, OR 97201
(503) 222-4422

**MICHAEL J. ROSEN**
**PATRICK W. CARLSON**
**PETER F. LOVATO, III**
Boundas Skarzynski Walsh & Black, LLC
200 East Randolph Drive, Suite 7200
Chicago, IL 60601
(312) 946-4200

      Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Petition for Attorneys' Fees and Costs (#48). For the reasons that follow, the Court **DENIES** Plaintiff's Petition with leave to renew at the appropriate time.

## BACKGROUND

On July 14, 2005, Plaintiff filed this action in Umatilla County Circuit Court. In its First Claim, Plaintiff alleged Defendant breached its contractual obligation to reimburse Plaintiff for $9,500 in expenses incurred in defending an action brought by a third party named Perry Crowder (the Crowder Claim). In its Second Claim, Plaintiff alleged Defendant breached its

2 - OPINION AND ORDER

contractual obligation to reimburse Plaintiff for a combined $335,000 in defense expenses and a settlement amount paid in an action brought by a third party named David Abbott (the Abbott Claim).  On November 4, 2005, Defendant invoked diversity jurisdiction and removed the action to this Court.

On August 22, 2006, Plaintiff notified the Court that it had accepted Defendant's offer of Partial Judgment in satisfaction of the Crowder Claim on August 17, 2006.  On September 8, 2006, the Court entered Partial Judgment in favor of Plaintiff as to the Crowder Claim in the total amount of $20,000 plus reasonable costs and fees accrued as of August 17, 2006.  Cross-Motions for Summary Judgment as to the Abbott Claim are currently pending.

On September 8, 2006, Scott Kaplan, Plaintiff's attorney, emailed Patrick Carlson, Defendant's attorney, asking whether Defendant would stipulate to the filing of a single attorneys' fee petition within 14 days of entry of final judgment as to both claims.  Kaplan advised Carlson that Plaintiff intended to file a petition for attorneys' fees as to the Crowder Claim by September 22, 2006, if Defendant did not agree to Plaintiff's proposal.  Kaplan also noted the filing of a petition at this time would overlap with summary-judgment proceedings for the Abbott Claim and would likely result in multiple hearings to resolve the issue of attorneys' fees.

Carlson asserts in his Affidavit that on September 14, 2006,

3 - OPINION AND ORDER

he orally informed Kaplan that Defendant would agree to Plaintiff's proposal, but Defendant first wanted a "ballpark" estimate of the fee and cost amount.  Later that day Kaplan emailed Carlson to remind him that Kaplan had not yet received a response regarding Plaintiff's proposal.  Kaplan noted he had finished drafting a fee petition and was "inclined to file" it unless Defendant now agreed to $17,536 in attorneys' fees and costs as to the Crowder Claims.  Kaplan asserted this figure represented 50% of the $33,545 in fees ($16,772.50) and 50% of the $1,526 in costs ($763) Plaintiff had accrued at that point as to both claims.  In other words, if Defendant accepted the proposal, the judgment would reflect a total settlement of $37,536 as to the Crowder Claim, which would represent the agreed $20,000 settlement together with $17,536 in fees and costs.

On September 21, 2006, Carlson responded to Kaplan's email by letter in which he:

        1) reiterated Defendant would stipulate to the filing of a single attorneys' fee petition within 14 days of the entry of final judgment as to both claims;

        2) questioned why Kaplan had not given Defendant a "ballpark" estimate of actual fees and costs up to that point as requested; and

        3) advised that Defendant believed a 50% allocation of fees and costs between the two claims was unreasonable in light

4 - OPINION AND ORDER

of the disparity in damages sought in the Crowder Claim ($9,500) and the Abbott Claim ($335,000), and, therefore, Defendant refused to consider this proposal without corroboration to support these figures.

On September 22, 2006, Plaintiff filed a Petition for Attorneys' Fees and Costs as to the Crowder Claim. Plaintiff asserts it is entitled to $16,773 in attorneys' fees and $763 in costs, which constitutes 50% of the fees and costs incurred in the prosecution of this case to date and $2,006 in attorneys' fees and $128 in paralegal fees incurred in the preparation of this fee petition, or a total of $19,670. Plaintiff argues a 50% allocation of fees and costs to the Crowder Claim is justified because the work of Plaintiff's counsel on both claims was inextricably intertwined.

The Court took Plaintiff's Petition under advisement on October 17, 2006.

## **STANDARDS**

Federal Rule of Civil Procedure 54(b) permits a court to direct the entry of a final judgment as to fewer than all of the claims in a case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Without such a determination, a "partial judgment" is not final and "is subject to revision at any time"

5 - OPINION AND ORDER

before entry of a final judgment. Although Rule 54(d)(2)(B) provides claims for attorneys' fees shall be made by motion and, "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment," it does not specify whether the 14-day limitation also applies to a "judgment" that is not final.

In a diversity case, a district court applies state law when evaluating a petition for attorneys' fees. *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985). Here Plaintiff seeks attorneys' fees pursuant to Or. Rev. Stat. § 742.061, which governs attorneys' fees actions based on insurance policies.

### DISCUSSION

Defendant raises four objections to Plaintiff's Petition: 1) the Petition is premature because the Court has not entered final judgment as to all claims, 2) Plaintiff is not entitled to attorneys' fees and costs for the time spent preparing the Petition, 3) Plaintiff's allocation of fees and costs between the Crowder Claim and the Abbott Claim is inherently unreasonable, and 4) the hourly rates requested by Plaintiff's attorneys ranging from $325 to $390 per hour are excessive. Because the Court concludes it should exercise discretion to resolve all claims for attorneys' fees at the end of the case, the Court agrees the Petition is premature.

Plaintiff filed its Petition for Attorneys' Fees and Costs as to the Crowder Claim on September 22, 2006, to ensure it met the time limit of 14 days from entry of judgment set out in Federal Rule of Civil Procedure 54(d)(2)(B).  As noted, however, it is unclear whether the 14-day limit applies to a non-final "partial" judgment.  In any event, Defendant contends Plaintiff's Petition is not ripe because the Court cannot award attorneys' fees and costs pursuant to Rule 54(d)(2)(B) until it has entered a final judgment as to the entire case.

Defendant relies on *Bidwell & Co. v. National Union Fire Insurance Company of Pittsburgh, Pa.*, No. 00-CV-89-HU, 2001 WL 204843 (Jan. 18, 2001), to support its argument.  In *Bidwell & Co.*, the court granted partial summary judgment to the plaintiff.  *Id.*, at *1.  Although the court concluded the plaintiff was most likely entitled to attorneys' fees and costs on that portion of the matter resolved by summary judgment pursuant to Or. Rev. Stat. § 742.061, the court declined to grant the plaintiff's petition and deferred resolution of the issue until the conclusion of the entire case.  *Id.*, at *16.  The Court notes *Bidwell & Company* does not stand for the proposition that a fee petition is premature until all claims in a particular action are resolved.  The decision merely reflects a court has discretion to delay an award of attorneys' fees until all claims have been resolved.

7 - OPINION AND ORDER

Here the Court concludes in the exercise of its discretion that all of the issues in the case should be resolved before the Court weighs the factors that bear on the reasonableness and necessity of the costs and attorneys' fees for which Plaintiff seeks reimbursement.  Accordingly, the Court declines to address Plaintiff's Petition for Attorneys' Fees and Costs at this time.  The Court will resolve any petition for attorneys' fees and costs after the entry of final judgment as to all claims in this matter pursuant to Rule 54.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Petition for Attorneys' Fees and Costs (#48) with leave to renew at the appropriate time.

IT IS SO ORDERED.

DATED this 13th day of December, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER